**OUTTEN & GOLDEN LLP** JUDGE COTE
Justin M. Swartz (JS 7989)
Rachel M. Bien (RB 6919)
Delyanne D. Barros (DB 8788)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**10 CIV 0224**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**LUIS CAMPOS, ARNOLDO MOLINA,
GONZALO VIDANOS, and JOSE GARCIA, on
behalf of themselves and all others similarly
situated,**

**Plaintiffs,**

-against-

**ERIC GOODE, GARDEN CAFÉ ASSOCIATES
L.L.C. and SULCATA CORP. d/b/a B BAR AND
GRILL,**

**Defendants.**

---

RECEIVED
JAN 12 2010
U.S.D.C. S.D. N.Y.
CLASS ACTION
**COMPLAINT**

---

Plaintiffs, Luis Campos ("Campos"), Arnoldo Molina ("Molina"), Gonzalo Vidanos

("Vidanos"), and Jose Garcia ("Garcia") (collectively, "Plaintiffs"), individually and on behalf of

all others similarly situated, as class representatives, upon personal knowledge as to themselves

and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.     This lawsuit seeks to recover minimum wages, overtime, spread-of-hours pay,

and uniform-related expenses for Plaintiffs and similarly situated hourly service workers,

including, but not limited to, cooks, dishwashers, servers, bussers, and runners, who work or

worked at B Bar and Grill restaurant located at 40 East 4th Street in New York City (hereinafter,

"B Bar").

2.     According to B Bar's website, http://www.bbarandgrill.com, B Bar is a "downtown institution" catering to "New York's most fashionable crowd." The restaurant was opened in the late nineties and is owned and/or operated by bar/restaurant entrepreneur and hotelier Eric Goode ("Goode").

3.     In addition to B Bar, Goode co-owns and/or operates several prominent restaurants and bars, including the Park, Waverly Inn, the Lobby Bar at the Jane Hotel, the Gemma at the Bowery Hotel, and La Botega and Matsuri at the Maritime Hotel.

4.     Plaintiffs bring this action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

5.     Plaintiffs also bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiffs

#### Luis Campos

6.     Plaintiff Campos is an adult individual who is a resident of Queens, New York.

7.     Campos has been employed by Defendants as a cook, an hourly service worker, at B Bar from approximately July 2000 through the present.

8.    Campos is a covered employee within the meaning of the FLSA and NYLL.

9.    A written consent form for Campos is attached as Exhibit A to this Class Action Complaint. Plaintiff Molina is an adult individual who is a resident of New York, New York.

10.    Molina was employed by Defendants at B Bar as a dishwasher, an hourly service worker, from approximately April 2004 through April 2005, and as a cook from approximately April 2005 through the present.

11.    Molina is a covered employee within the meaning of the FLSA and NYLL.

12.    A written consent form for Molina is attached as Exhibit A to this Class Action Complaint.

**Gonzalo Vidanos**

13.    Plaintiff Vidanos is an adult individual who is a resident of Queens, New York.

14.    Vidanos has been employed by Defendants as a cook, an hourly service worker, at B Bar from approximately August 1997 through the present.

15.    Vidanos is a covered employee within the meaning of the FLSA and NYLL.

16.    A written consent form for Vidanos is attached as Exhibit A to this Class Action Complaint.

**Jose Garcia**

17.    Plaintiff Garcia is an adult individual who is a resident of New York, New York.

18.    Garcia was employed by Defendants as a busser at B Bar from approximately April 2008 to August 2009.

19.    Garcia is a covered employee within the meaning of the FLSA and NYLL.

20.    A written consent form for Garcia is attached as Exhibit A to this Class Action Complaint.

**Defendants**

21.    Upon information and belief, Defendants Garden Café Associates, Sulcata Corp., and Eric Goode jointly employed Plaintiffs and similarly situated employees at all times relevant. Upon information and belief, each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

22.    During all relevant times, Defendants have been Plaintiffs' employers and/or joint employers within the meaning of the FLSA and NYLL.

23.    Upon information and belief, Defendants are part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.    The corporate address for Garden Café Associates and Sulcata Corp. is 40 East 40th St., New York, New York 10003, which is also the location of B Bar.

24.    Upon information and belief, Defendants' operations are interrelated and unified.

25.    Upon information and belief, during all relevant times, B Bar shared a common management and were centrally controlled and/or owned by Defendants.

26.    Upon information and belief, during all relevant times, Defendants have had control over, and the power to change compensation practices at B Bar.

27.    Upon information and belief, Defendants have had the power to determine employee policies at B Bar, including, but not limited to, time-keeping and payroll policies.

**Garden Café Associates L.L.C.**

28.    Together with the other Defendants, Garden Café Associates L.L.C. ("Garden Café") has owned and/or operated B Bar during the relevant period.

29.    Garden Café is a domestic limited liability company organized and existing under the laws of New York.

4

30.    Garden Café's principal executive office is located at 40 East 4th Street, New York, New York, 10003.

31.    Garden Café is a covered employer within the meaning of the FLSA and NYLL, and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

32.    Garden Café is the entity named on Plaintiffs' paychecks.

33.    Together with Sulcata Corp., Garden Café is one of the entities representing B Bar on the New York State Liquor Authority website, located at http://abc.state.ny.us/system/files/agenda010908.pdf.

34.    Upon information and belief, at all times relevant, Garden Café's annual gross volume of sales made or business done was not less than $500,000.00.

**Sulcata Corp.**

35.    Together with the other Defendants, Sulcata Corp. ("Sulcata") has owned and/or operated B Bar during the relevant period.

36.    Sulcata is a domestic business corporation organized and existing under the laws of New York.

37.    Sulcata's principal executive office is located at 40 East 4th Street, New York, New York, 10003.

38.    Sulcata is a covered employer within the meaning of the FLSA and NYLL, and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

39.    Together with Garden Café, Sulcata is one of the entities representing B Bar on the New York State Liquor Authority website, located at:

http://abc.state.ny.us/system/files/agenda010908.pdf.

40.    Upon information and belief, at all times relevant, Sucata's annual gross volume of sales made or business done was not less than $500,000.00.

**Eric Goode**

41.    Upon information and belief, Defendant Eric Goode ("Goode") is a resident of the State of New York.

42.    Upon information and belief, at all relevant times, Goode has owned and/or operated B Bar.

43.    Upon information and belief, at all times relevant, Goode has had power over personnel decisions at B Bar, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

44.    Upon information and belief, at all relevant time, Goode has had power over payroll decisions at B Bar, including the power to retain time and/or wage records.

45.    Upon information and belief, Goode is actively involved in managing the day to day operations of B Bar.

46.    Upon information and belief, at all times relevant, Goode has also had the power to stop any illegal pay practices that harmed Plaintiffs.

47.    Goode is a covered employer within the meaning of the FLSA, and NYLL, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

48.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

49.    Plaintiffs' state law claims are so closely related to their claims under the Fair

Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

50.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

51.    Upon information and belief, Defendant are subject to personal jurisdiction in New York.

52.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

53.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(2) because the events or omissions giving rise to the claims occurred in this district.

### COLLECTIVE ACTION ALLEGATIONS

54.    Plaintiffs bring the First and Second Causes of Action, FLSA claims, on behalf of themselves and all similarly situated hourly service workers, including, but not limited to, cooks, dishwashers, servers, bussers, and runners, who work or worked at B Bar who elect to opt-in to this action (the "FLSA Collective").

55.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs. Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

56.    Plaintiffs bring the Third, Fourth, and Fifth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All hourly service workers, including cooks, dishwashers, servers, bussers, and runners who work or have worked at B Bar between January 12, 2004 and the date of final judgment (the "New York Class").

57.    Excluded from the New York Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

58.    The members of the New York Class are so numerous that joinder of all members is impracticable.

59.    Upon information and belief, the size of the New York Class is at least 100 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

60.    Defendants have acted or have refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

61.    Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    Whether Defendants violated NYLL Article 6, §§ 190 *et seq.,* and Article 19, §§

8

650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 137, as alleged herein;

(b)    Whether Defendants unlawfully compensated Plaintiffs and the New York Class for hours worked in excess of 40 per workweek;

(c)    Whether Defendants failed to provide Plaintiffs and the New York Class spread of hours pay as required by the NYLL;

(d)    whether Defendants made unlawful deductions from the wages of Plaintiffs and the New York Class by failing to reimburse Plaintiffs and the New York Class for uniform-related expenses;

(e)    whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(f)    the nature and extent of class-wide injury and the measure of damages for those injuries.

62.    The claims of Plaintiffs are typical of the claims of the New York Class they seek to represent.    Plaintiffs and all the New York Class members work, or have worked, for Defendants as hourly service employees at B Bar.  Plaintiffs and the New York Class members enjoy the same statutory rights under the NYLL to be paid overtime wages, spread of hours pay, and to be reimbursed for uniform-related expenses.  Plaintiffs and New York Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiffs and the New York Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

63.    Plaintiffs will fairly and adequately represent and protect the interests of the New York Class members.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the Plaintiffs and the New York members.

64.    A class action is superior to other available methods for the fair and efficient

adjudication of this litigation. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual New York Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

65.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFFS' FACTUAL ALLEGATIONS

66.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows:

**Luis Campos**

67.    Defendants failed to pay Campos overtime at time and a half for the hours over forty that he was suffered or permitted to work during many workweeks.

68.    Defendants failed to pay Campos spread-of-hours pay at the minimum wage rate when he worked days of more than ten hours.

69.    Defendant failed to reimburse Campos for uniform-related expenses.

**Arnoldo Molina**

70.    Defendants failed to pay Molina overtime at time and a half for the hours over forty that he was suffered or permitted to work during many workweeks.

71.    Defendants failed to pay Molina spread-of-hours pay at the minimum wage rate when he worked days of more than ten hours.

72.    Defendant failed to reimburse Molina for uniform-related expenses.

**Gonzalo Vidanos**

73.    Defendants failed to pay Vidanos overtime at time and a half for the hours over forty that he was suffered or permitted to work during many workweeks.

74.    Defendants failed to pay Vidanos spread-of-hours pay at the minimum wage rate when he worked days of more than ten hours.

75.    Defendant failed to reimburse Vidanos for uniform-related expenses.

**Jose Garcia**

76.    Defendants failed to inform Garcia of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

77.    Defendants failed to pay Garcia at the proper minimum wage rate for the hours that he was suffered or permitted to work each workweek.

78.    Defendants failed to pay Garcia overtime at time and a half for the hours over forty that he was suffered or permitted to work during many workweeks.

79.    Defendants failed to pay Garcia spread-of-hours pay at the minimum wage rate when he worked days of more than ten hours.

80.    Defendant failed to reimburse Garcia for uniform-related expenses.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of all Plaintiffs and the FLSA Collective)

81.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

82.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the FLSA Collective.

83.     Defendants have failed to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours in a work week.

84.     As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

85.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

86.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of all Plaintiff Garcia and the FLSA Collective)

87.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

88.     Defendants failed to pay Plaintiff Garcia and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

89.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

90.    At all times relevant, Plaintiff Garcia and the members of the FLSA Collective were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

91.    At all times relevant, Plaintiff Garcia and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

92.    At all times relevant, Defendants have been employers and/or joint employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

93.    Defendants were required to pay directly to Plaintiff Garcia and the members of the FLSA Collective the full minimum wage rate for all hours worked.

94.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50 *et seq.*, because Defendants failed to inform Plaintiff Garcia and the members of the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

95.    Upon information and belief, Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

96.    As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance

with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

97.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.    Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

98.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### THIRD CAUSE OF ACTION

**New York Labor Law Article 19 – Unpaid Overtime**
**(Brought on behalf of all Plaintiffs and the members of the New York Class)**

99.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

100.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect the Plaintiffs and the New York Class Members.

101.    Defendants have failed to pay Plaintiffs and the New York Class Members overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

102.    By Defendants' knowing or intentional failure to pay Plaintiffs and the Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

14

103.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

104.    Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Class Members, but reserve their right to do so depending on the United States Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company.*

### FOURTH CAUSE OF ACTION

**New York Labor Law – Spread-of-Hours**
**(Brought on behalf of all Plaintiffs and the members of the New York Class)**

105.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

106.    Defendants have willfully failed to pay Plaintiffs and the Class Members additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

107.    By Defendants' failure to pay Plaintiffs and the Class Members spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

108.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants their wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

109.    Plaintiffs do not seek liquidated damages under the NYLL but reserve their right to do so depending on the United States Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company.*

## FIFTH CAUSE OF ACTION

### New York Labor Law – Uniform Violations
### (Brought on behalf of all Plaintiffs and the New York Class)

110.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

111.    Defendants failed to pay the Plaintiffs and the members of the New York Class the full amount of their wages as a result of deductions for uniform-related expenses in violation of NYLL Article 6, § 193 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 137-2.5.

112.    Defendants failed to launder or maintain the uniforms that they required Plaintiffs and the New York Class Members to wear and failed to pay them the required weekly amount for such laundering and maintenance.

113.    Due to Defendants' violations of the NYLL, the New York Plaintiffs and the New York Class Members are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

114.    The New York Plaintiffs do not seek liquidated damages under the NYLL on behalf of the New York Class but reserve their right to do so depending on the United States Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek for the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at

any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly service workers, including cooks, dishwashers, servers, runners, and bussers, at B Bar. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.       Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.       Unpaid overtime, spread-of-hours pay, and uniform-related pay pursuant to NYLL Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the New York Class but reserve their right to do so depending on the United States Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company.*)

D.       Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.       Designation of Plaintiffs as representatives of the New York Class, and counsel of record as Class Counsel;

F.       Pre-judgment interest and post-judgment interest;

G.       An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

H.       Reasonable attorneys' fees and costs of the action;

I.        Such other relief as this Court shall deem just and proper.

Dated:        New York, New York
              January 12, 2010

                              Respectfully submitted,

                              *Rachel Bien*

                              Rachel M. Bien

                              **OUTTEN & GOLDEN LLP**
                              Justin M. Swartz (JS 7989)
                              Rachel M. Bien (RB 6919)
                              Delyanne D. Barros (DB 8788)
                              3 Park Avenue, 29th Floor
                              New York, New York 10016
                              Telephone: (212) 245-1000

                              *Attorneys for Plaintiffs and*
                              *the Putative Class and Collective*

# EXHIBIT A

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Bowery Bar & Grill y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Outten & Golden LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Bowery Bar & Grill and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designate Outten & Golden LLP to represent me in such a lawsuit.

_____
Firma (Signature)

_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))

Luis Lionel Campos

_____
Dirección (Address)

41-71 Denman st Apt A4

_____
Ciudad, Estado      Código Postal
(City, State)       (Zip Code)

Queens N.Y      11373

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Bowery Bar & Grill y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Outten & Golden LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Bowery Bar & Grill and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designate Outten & Golden LLP to represent me in such a lawsuit.

_____
Firma (Signature)

ARNOLdo Molina
Nombre legal completo (Imprenta) (Full Legal Name (Print))

201 W 145 ST apt. 16
Dirección (Address)

New York NY 10039
Ciudad, Estado                Código Postal
(City, State)                 (Zip Code)

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Bowery Bar & Grill y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Outten & Golden LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Bowery Bar & Grill and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designate Outten & Golden LLP to represent me in such a lawsuit.

_Firma (Signature)_

JOSEF GARCia
Nombre legal completo (Imprenta) (Full Legal Name (Print))

265 W 146TH ST 6. NEW YORK NY 10039
Dirección (Address)

Ciudad, Estado
(City, State)

Código Postal
(Zip Code)

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Bowery Bar & Grill y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Outten & Golden LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Bowery Bar & Grill and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designate Outten & Golden LLP to represent me in such a lawsuit.

*Gonzalo Vidanos*
Firma (Signature)

GONZALO VIDANOS
Nombre legal completo (Imprenta) (Full Legal Name (Print))

173-17 89 Av. Apt. 2 E
Dirección (Address)

Jamaica N. Y  11432

| Ciudad, Estado | Código Postal |
|---|---|
| (City, State) | (Zip Code) |