DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/29/10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LUIS CAMPOS, ARNOLDO MOLINA, GONZALO VIDANOS, JOSE GARCIA, EDISON JACHERO, and ADRIAN GOMEZ,** on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>-against-<br><br>**ERIC GOODE, SEAN MACPHERSON, GARDEN CAFÉ ASSOCIATES LLC, SULCATA CORP. d/b/a B BAR AND GRILL, BOWERY F&B LLC, BOWERY HOTEL LLC d/b/a GEMMA, BD STANHOPE, LLC d/b/a MATSURI and LA BOTTEGA,**<br><br>**Defendants.** | **10 Civ 0224 (DF)** |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE
SETTLEMENT CLASS, APPOINTMENT OF OUTTEN & GOLDEN LLP AS CLASS
COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT AND
CLASS ACTION PROCEDURE

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary

Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of

Outten & Golden LLP ("Outten & Golden") as Class Counsel, and Approval of the Proposed

Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary

Approval") (Docket No. 45).

I.      **Preliminary Approval of Settlement**

1.      Based upon the Court's review of the Memorandum of Law in Support of

Plaintiffs' Motion for Preliminary Approval of Settlement, the Declaration of Rachel Bien, and

all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the

Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of

Settlement and Release ("Settlement Agreement"), attached to the Bien Decl. as Exhibit B.

2.      The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Danieli v. IBM*, No. 08 Civ. 3688, 2009 WL 6583144, at *4-5 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted").

3.      The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

4.      The assistance of an experienced mediator, Ruth D. Raisfeld, reinforces that the Settlement Agreement is non-collusive.

## II.    Conditional Certification of the Proposed Rule 23 Settlement Class

5.      The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes ("Settlement Class"):

> All individuals who work or worked at B Bar & Grill, Gemma, La Bottega, and/or Matsuri as cooks, dishwashers, servers, bussers, runners, porters, and/or receivers from January 1, 2004 through December 31, 2009 and whose names are listed on the class lists provided to Class Counsel prior to the execution of the settlement agreement and any others who fall within the above definition but whose names were inadvertently left off the lists with the approval of counsel for the parties, but shall exclude Sonam Wangdak, Sangay Dorjee, Dhondop Tenpa, and Mingyur Dorje.

6.      Plaintiffs meet all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

7.      Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because there are over 1,800 putative Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde*

2

*Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members").

8.      Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2) because Plaintiffs and the class members share common issues of fact and law, including whether Defendants failed to pay proper overtime wages, misappropriated tips by unlawfully distributing a portion to non-tip eligible workers, improperly took a tip credit, failed to pay spread-of-hours pay, and failed to reimburse workers for uniform-related expenses. *See deMunecas v. Bold Food LLC*, No. 09 Civ. 00440, 2010 WL 2399345, at *1 (S.D.N.Y. Apr. 19, 2010); *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328, at *2 (S.D.N.Y. Mar. 3, 2010); *Prasker v. Asia Five Eight LLC*, No. 08 Civ. 5811, 2010 WL 476009, at *2 (S.D.N.Y. Jan. 6, 2010); *O'Dell v. AMF Bowling Ctrs., Inc.*, No. 09 CV 759, 2009 WL 6583142, at *1 (S.D.N.Y. Sept. 18, 2009); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 02494, 2009 WL 5841177, at *1 (S.D.N.Y. May 28, 2009); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster Bar*, No. 06 Civ. 4270, 2009 WL 5851465, at *1 (S.D.N.Y. Mar. 31, 2009).

9.      These alleged wage and hour violations – involving common operative facts stemming from corporate policies that affected the class members in the same way – are sufficient to meet Rule 23(a)'s commonality factor. *See deMunecas*, 2010 WL 2399345, at *1; *McMahon*, 2010 WL 2399328, at *2; *Prasker*, 2010 WL 476009, at *2; *O'Dell*, 2009 WL 6583142, at *1; *Reyes*, 2009 WL 5841177, at *3; *Mohney*, 2009 WL 5851465, at *4.

10.     Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because there is no evidence that the named Plaintiffs' and the class members' interests are at odds. *See deMunecas*, 2010 WL 2399345, at *2; *McMahon,* 2010 WL 2399328, at *2; *Reyes*, 2009 WL 5841177, at *3.

11.     In addition, Plaintiffs' counsel "have substantial experience prosecuting and settling employment class actions, including wage and hour class actions[,] and are well-versed

3

in wage and hour law and class action law." *Westerfield v. Wash. Mut. Bank*, Nos. 06-CV-2817,

08 Civ. 00287, 2009 WL 6490084, at *3 (E.D.N.Y. June 26, 2009).

12.     Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations and a common

legal theory predominate over any factual or legal variations among class members. *See*

*deMunecas*, 2010 WL 2399345, at *2; *McMahon*, 2010 WL 2399328, at *2, *Prasker*, 2010 WL

476009, at *2; *Reyes*, 2009 WL 5841177, at *3. Class adjudication of this case is superior to

individual adjudication because it will conserve judicial resources and is more efficient for class

members, particularly those who lack the resources to bring their claims individually. *See*

*deMunecas*, 2010 WL 2399345, at *2; *McMahon*, 2010 WL 2399328, at *3; *Reyes*, 2009 WL

5841177, at *3.

**III.     Appointment of Plaintiffs' Counsel as Class Counsel**

13.     The Court appoints Outten & Golden as Class Counsel because they meet all of

the requirements of Fed. R. Civ. P. 23(g). *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152,

165 (S.D.N.Y. 2008) (Rule 23(g) requires the court to consider "the work counsel has done in

identifying or investigating potential claims in the action, . . . counsel's experience in handling

class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's

knowledge of the applicable law, and . . . the resources counsel will commit to representing the

class") (internal quotation marks omitted).

14.     Outten & Golden did substantial work identifying, investigating, and settling

Plaintiffs' and the class members' claims, have years of experience prosecuting and settling

wage and hour class actions, and are well-versed in wage and hour law and in class action law.

*See, e.g.*, *Westerfield*, 2009 WL 6490084, at *3. Courts have repeatedly found O&G to be

4

adequate class counsel in employment law class actions.[1]

15.    The work that Outten & Golden has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

## IV.    Class Notice

16.    The Court approves the Proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing ("Notice"), which is attached as Exhibit A to the Settlement Agreement, and directs its distribution to the Class.

17.    The content of the Notice fully complies with due process and Fed. R. Civ. P. 23.

18.    Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

19.    The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec.*

---

[1]    *See, e.g., Torres v. Gristede's Operating Corp.*, Nos. 04-CV-3316 (PAC), 08-CV-8531 (PAC), 08-CV-9627 (PAC), 2010 WL 2572937, at *1 (S.D.N.Y. June 1, 2010); *Clark*, 2010 WL 1948198 at * 8; *deMunecas*, 2010 WL 2399345, at *2-3; *McMahon*, 2010 WL 2399328, at *6; *Khait v. Whirlpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106, at *7-8 (E.D.N.Y. Jan. 20, 2010); *Danieli*, 2009 WL 6583144, at *3; *O'Dell*, 2009 WL 6583142, at *2; *Prasker*, 2010 WL 476009, at *6; *Westerfield*, 2009 WL 6490084, at *1; *Reyes*, 2009 WL 5841177, at *3; *Mohney*, 2009 WL 5851465, at *3; *Damassia*, 250 F.R.D. at 158; *Stefaniak v. HSBC Bank USA, N.A.*, No. 05-CV-720 S, 2008 WL 7630102, at *2 (W.D.N.Y. June 28, 2008); *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 WL 782596, at *2 (S.D.N.Y. Mar. 24, 2008); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 87 (S.D.N.Y. 2001).

*Litig.*, 150 F.R.D. 46, 52 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

      20.    The Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

## V.    Class Action Settlement Procedure

      21.    The Court hereby sets the following settlement procedure:

    a.    Within 5 days of the date of this Order, Defendants shall provide the Claims Administrator with a list, in electronic form, of the names, last known addresses, ~~telephone numbers~~, social security numbers, positions held, and dates and location of employment of all Class Members (the "Class List");

    b.    The Claims Administrator shall mail the Notice to Class Members within 20 days of the date of this Order;

    c.    Class Members will have 30 days from the date the Notice is mailed to opt out of the settlement or object to it ("Notice Period");

    d.    Plaintiffs will file a Motion for Final Approval of Settlement within 15 days of the fairness haring;

    e.    The Court will hold a final fairness hearing on *March 2, 2011* at *10:00* a.m. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 17A;

    f.    If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment.  If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 31 days after the Court enters its Final Order and Judgment;

    g.    If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be after any and all avenues of rehearing, reconsideration or appellate review have been exhausted and no further rehearing, reconsideration or appellate review is permitted, and the time for seeking such review has expired;

    h.    The Claims Administrator will disburse settlement checks to the Class

Members, Class Counsel's attorneys' fees and expenses to Class Counsel, the Service Awards to Named Plaintiffs, and the Claims Administrator's fee within 5 days of the Effective Date; and

i.    The parties shall abide by all other terms of the Settlement Agreement.

It is so ORDERED this 29th day of November, 2010.

_____
Honorable Debra Freeman,
United States Magistrate Judge

7